UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>v.<br><br>GEORGE TOCHIHARA SHEH,<br><br>                 Defendant. | Case No. 2:19-cr-323-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to suppress filed by the defendant Sheh. The Court held an evidentiary hearing and directed counsel to file a transcript of the video that was shown during the hearing. That transcript has now been filed and considered by the Court. The parties then filed closing briefs, the last of which was filed on September 19, 2020. The motion to suppress is now at issue. For the reasons explained below, the Court will deny the motion.

## FACTS

On October 8, 2019, defendant Sheh was driving from Seattle Washington to Kalispell Montana when he was stopped by Corporal Michael Marrott for failing to move over when passing a police vehicle that had pulled over another driver. Sheh's failure to move over was a violation of Idaho Code § 49-624(1).

**Memorandum Decision & Order – page 1**

After pulling Sheh over, the Officer activated his dashcam and walked over to the open window on the passenger side of Sheh's car. The dashcam video showed the Officer's interaction with Sheh, and the audio portion picked up much, but not all, of their conversation. The Court ordered that a transcript of the audio portion be filed, and it was filed on September 14, 2020. *See Transcript (Dkt. No. 35-2).*

While talking with Sheh through the open passenger-side window, the Officer smelled the distinct odor of green or raw marijuana coming from the vehicle. On the video, the Officer looks back at his dashcam and touches his nose with his finger, indicating that he has smelled something. He also observed that Sheh was nervous and that the cab of the car was empty except for multiple drink containers and food packages.

The Officer then asked Sheh to step out of the vehicle while the Officer conducted a quick search of the cab of the car for the marijuana he smelled. Finding nothing, he and another Officer opened the trunk of the car and found approximately 219 grams of Cocaine, Oxycodone and Alprazolam pills, Codeine and Promethazine syrup, and a cigar bag containing a green leafy substance that was consistent in appearance and smell with marijuana. Sheh was arrested and after being read his *Miranda* rights admitted that there were about seven ounces of cocaine in the car and that that he was transporting the drugs to Montana to deliver it to a buyer.

Sheh seeks to suppress all the evidence of the drugs found in the trunk on the ground that the search of the trunk violated the Fourth Amendment. He argues that even if the smell of marijuana gave the police probable cause to search the cab area, that probable cause did not extend to the trunk.

**Memorandum Decision & Order – page 2**

# ANALYSIS

The briefs and the evidentiary hearing raised two issues: (1) Does probable cause for searching the cab extend to the trunk? (2) Does the inevitable discovery doctrine apply?

Turning to the first issue, the Supreme Court in *California v Acevedo* 111 S.Ct. 1982, 1991 (1991), stated that "[p]robable cause to believe that a container placed in the trunk of a taxi contains contraband or evidence does not justify a search of the entire cab." That statement was dicta but signals that the probable cause must be specific to a particular area in the vehicle. *Acevedo's* ruling has been more recently applied in *U.S. v. Chavez,* 2018 WL 4207350 (N.D. Cal. 2018) where the Court held that the mere smell of marijuana emanating from the passenger compartment of the vehicle did not give the officers probable cause to search the trunk. In *Chavez,* there was no testimony that the officer smelled green or raw marijuana and no testimony that in the officer's experience, a pungent smell of raw marijuana could permeate the cab even though the marijuana was located in the trunk. *Id.* at *5 (finding that "the government neither identifies any additional fact nor provides any persuasive line of reasoning to validate its inferential leap [that the mere odor of marijuana in the cab justified a search of the trunk]." Indeed, the Court finds persuasive the analysis in *Chavez* that the mere odor of marijuana in the cab would not by itself provide probable cause to search the trunk for marijuana.

It is true that the Supreme Court also said that "[if] probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *U.S. v. Ross*, 456 U.S. 798, 825

**Memorandum Decision & Order – page 3**

(1982).  While the breadth of that quote may appear inconsistent with the later decisions in *Acevedo* and *Chavez,* in fact all three cases can be reconciled with this quote from *Ross*:  "The scope of a warrantless search of an automobile . . . is not defined by the nature of the container in which the contraband is secreted. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found." *Id.* at 824.

Applied here, the Court must identify the object of the search and whether there was probable cause to search the trunk.  The Officer testified that he smelled a strong odor of raw or green marijuana when he initially confronted the driver in the cab.  He also testified that the defendant was nervous and was denying the obvious odor of marijuana and was even denying the fact that the officer smelled that odor.

The odor and the strange behavior of Sheh gave the officer probable cause to search the cab.  *U.S. v. Kerr,* 876 F.2d 1440, 1444-45 (9th Cir. 1989) (holding that "the presence of the odor of contraband may itself be sufficient to establish probable cause").  The Officer testified that when he found no marijuana in the cab, he believed it could be located somewhere else in the car because, in his experience, the odor of raw marijuana can permeate throughout the vehicle even if located in a distant location like the trunk.

Sheh argues that the Officer did not establish in his testimony that he could tell the difference between raw marijuana and burnt marijuana and failed to explain why that difference might give probable cause to search beyond the cab.  But the Officer did testify about his experience smelling both burnt and raw marijuana and the fact that he taught a drug identification course on this subject.  *See Transcript (Dkt. No. 33)* at pp. 69-

**Memorandum Decision & Order – page 4**

70. He also testified that in his experience "marijuana is an extremely pungent odor, and it permeates widely throughout whatever it's in, whether it's just a container or in a vehicle or even larger than that." *Id.* at p. 72. Based on this testimony, the Court finds that the Government did establish that the officer could identify the odor of green or raw marijuana and did describe how, in his experience, that smell permeates through a vehicle.

It is true that the officer only spent a few seconds searching the cab before walking back to the trunk, but there were no luggage, bags or other containers visible in the cab that might contain marijuana. Thus, his search of the cab consisted of a quick check of the front seat console and a rapid look around the cab to determine that any raw marijuana that would produce that odor was not located in the cab but must be coming from somewhere else. These facts, along with the nervous demeanor of Sheh and his lying about the lack of odor, would give a reasonable officer probable cause to believe that the raw marijuana might be located in the trunk.

The Court therefore finds that (1) there was probable cause to support a search of the cab; and (2) that the probable cause extended to the trunk and justified the officers' search of the trunk.

The traffic stop was not unlawfully prolonged. An officer may prolong a traffic stop if the delay itself is supported by independent reasonable suspicion, which "existed when an officer is aware of specific articulable facts which, when considered with objective and reasonable inferences, form a basis for particularized suspicion." *U.S. v. Evans,* 786 F.3d, 799, 788 (9th Cir. 2015). In this case, the Officer did prolong the initial

**Memorandum Decision & Order – page 5**

stop but only after he had probable cause to believe that criminal conduct unrelated to the traffic stop had occurred.

For these reasons the Court will deny the motion to suppress without reaching the Government's additional argument that the search was justified by the inevitable discovery doctrine.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to suppress (docket no. 26) is denied.

DATED: October 2, 2020

B. Lynn Winmill
U.S. District Court Judge